MEMORANDUM **
Washington state prisoner Charles Frank Lowery (“Lowery”) appeals pro se from the district court’s judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Lowery contends that his Sixth Amendment right to effective assistance of counsel was violated when counsel failed to *939 adequately investigate and warn him about the unreliability of polygraph examinations, and when the attorney failed to ensure that the prosecution had sufficient evidence to convict Lowery on all of the charged counts.
We agree with the district court’s conclusion that Lowery failed to show that his trial counsel’s performance fell below an objective standard of reasonableness, or that any deficient performance caused prejudice. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (reaffirming that the Strickland standard “applies to challenges to guilty pleas based on ineffective assistance of counsel”). The state court’s decision rejecting Lowery’s claim was not contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1).
To the extent that Lowery raises uncer-tified issues, we construe such argument as a motion to broaden the certificate of appealability, and we deny the motion. See 9th Cir. R. 22-l(e); Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.